In the Matter of COUNTY OF ULSTER, Petitioner, and ULSTER COUNTY SHERIFF'S OFFICE, Respondent-Appellant, *v.* CSEA UNIT OF THE ULSTER COUNTY SHERIFF'S DEPARTMENT, ULSTER COUNTY CSEA CHAPTER, Respondent, and NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD, Appellant-Respondent.

Third Department, December 1, 1971.

438

*Abram F. Molyneaux, County Attorney (John J. Clyne* of counsel), for petitioner and respondent-appellant.

*Ward W. Ingalsbe, Jr.,* for respondent.

*Martin L. Barr* for appellant-respondent.

*Edward G. Dillon* for New York State Sheriffs Association, *amicus curiae.*

*Rodney Richards* for County of Broome, *amicus curiae.*

*John B. Walsh* for Michael A. Amico, as Sheriff of Erie County, *amicus curiae.*

SIMONS, J. These are cross appeals from a judgment in a proceeding under article 78 of the CPLR by the Supreme Court at Special Term, entered in Albany County, which annulled, in part, a determination of the Public Employment Relations Board.

The Ulster County chapter of the Civil Service Employees Association filed a petition with the New York Public Employment Relations Board seeking to establish a unit, consisting of the Deputy Sheriffs of the Ulster County Sheriff's office, for the purpose of representation and collective negotiation under article 14 of the Civil Service Law (Taylor Law). The State Board conducted a hearing and determined that the Deputy Sheriffs of Ulster County are public employees and that Ulster County and the Ulster County Sheriff are the joint public employers. Special Term annulled the determination, in part, holding that the Deputy Sheriffs are public employees but that their sole public employer is the Ulster County Sheriff.

On this appeal, the appellant board seeks to reinstate its original determination of joint employers. The Ulster County Sheriff cross-appeals, contending that Deputy Sheriffs are not public employees.

There are no disputed facts. Funds for the operation of the Sheriff's office are provided by the county. The salaries of the Deputy Sheriffs are line-items in the county budget and are fixed by the County Legislature under a salary schedule for all county employees. The deputies are hired and fired by the Sheriff and he determines the terms and conditions of employment other than salary, such as work assignments, work schedules, time off, and overtime.

The Ulster County Sheriff is a public employer. Paragraph (f) of subdivision 7 of section 201 of the Civil Service Law defines a "public employer" in part as "(f) any * * * public corporation, agency or instrumentality or unit of govern-

ment which exercises governmental powers under the laws of the state ". A Sheriff is such an "instrumentality * * * of government ". Under the Constitution of the State of New York (art. XIII, § 13, subd. [a]), a Sheriff is an elected public officer who exercises governmental powers granted by statute. (E. g., County Law, §§ 650, 652, subd. 2; CPL 1.20; General Municipal Law, § 71; Correction Law, § 500-c; and Judiciary Law, §§ 400, 791–793, among others.) His position is not comparable to that of a department head or supervisor. Since the Deputy Sheriffs are appointed and employed by the Sheriff, they are public employees. (Civil Service Law, § 201, subd. 8.)

It is conceded that Ulster County is a public employer. The question on which the State Board and Special Term disagreed was whether the county and the Sheriff are joint employers or one alone should be designated as the appropriate negotiating unit. (Civil Service Law, § 207.)

While a finding of joint employers is rare, the appellant's determination of the practical necessity for such a finding is supported by the record and should not be disturbed. The Taylor Law was enacted with the hope that it would insure tranquility in the government's labor relations by protecting the rights of employees and the public generally. The prohibition of public strikes was continued, but the statute allowed employees to redress their grievances by requiring that the public employer negotiate and contract with employee groups with respect to the terms and conditions of employment. Implicit in the legislation is the concept that if some accepted private labor practices are to be prohibited in the case of public employees, effective negotiations must supply a suitable alternative. The statute mandates that employers negotiate with respect to terms and conditions of employment. (See Civil Service Law, § 203.) Obviously, these negotiations cannot be effective if employees are obliged to negotiate with an employer who is without power with respect to the matter in dispute. The most notable example is salary, an item which the Sheriff has no control over. The amounts and increments are determined by the county. (County Law, §§ 201, 205.) The simple answer to the argument that the Sheriff should be the sole employer because he can make "effective recommendations to other administrative authority or the legislative body" (see Civil Service Law, § 207, subd. 1, par. [b]) is that appellant's director found after the hearing that this Sheriff tried to set up his own salary plan and was unable to do so.

The statute is best implemented if the employees' representatives negotiate directly with those who have authority over all the

essential terms of employment. In this case, that requires that separate legal entities be named as a single employment unit.

All three members of the State Board found that sound labor relations practice suggested joint employers in this case. The dissenting member and the Special Term Judge felt bound by prior judicial decisions holding that Deputy Sheriffs are not employees of a county but are the personal employees of the Sheriff.[1] These decisions are based on the historical position of the Sheriff as an independent officer of the court and conservator of the peace and on the constitutional provision which says that the county shall not be liable for acts of the Sheriff. (New York Const., art. XIII, § 13.) While our holding of joint employment here is not intended to infer any departure from the established rules applicable to other cases, we think those decisions are not persuasive in this situation when the court is called upon to implement a remedial statutory plan for labor negotiations between government and its employees.

The appellant's determination that both Ulster County and the Ulster County Sheriff are public employers and that they are joint employers of the Deputy Sheriffs has a rational basis on the record before us. When the agency or body charged with the responsibility of implementing the statute makes a determination which has "warrant in the record and a reasonable basis in law", then the judicial function is exhausted and the Board's determination should be accepted by the courts. (*Matter of Howard* v. *Wyman,* 28 N Y 2d 434; *Matter of Mounting & Finishing Co.* v. *McGoldrick,* 294 N. Y. 104, 108.)

The judgment should be modified, on the law and the facts, so as to confirm the decision and order of the Public Employment Relations Board in its entirety, and, as so modified, the judgment should be affirmed, without costs.

STALEY, JR., J. P., GREENBLOTT, COOKE and SWEENEY, JJ., concur.

Judgment modified, on the law and the facts, so as to confirm the decision and order of the Public Employment Relations Board in its entirety, and, as so modified, judgment affirmed, without costs.

---

1. Cf. *Matter of Flaherty* v. *Milliken* (193 N. Y. 564) and *Matter of Grifenhagen* v. *Ordway* (218 N. Y. 451), whether Deputy Sheriffs were to be appointed by the Sheriff or subject to appointment by the Civil Service Commissioners. Also, *Commisso* v. *Meeker* (8 N Y 2d 109); *Isereau* v. *Stone* (3 A D 2d 243) and *Enstrom* v. *City of New York* (258 App. Div. 672), county not liable in tort for the acts of Deputy Sheriffs; but see *Sawyer* v. *Town of Southport* (6 A D 2d 553).