DEARBORN FIRE FIGHTERS UNION LOCAL NO 412, IAFF, v
CITY OF DEARBORN

Opinion of the Court

1. Labor Relations—Arbitration and Award—Jurisdiction.

An employer's failure to designate a panel member for arbitra-
tion proceedings in a labor dispute as required by the statute
compelling arbitration in labor disputes between municipal
corporations and their policemen and firemen does not affect
the panel's jurisdiction (MCLA 423.234).

Opinion of V. J. Brennan, J.

2. Municipal Corporations—Constitutional Law—Labor Rela-
tions—Statutes—Arbitration and Award.

*A statute requiring compulsory arbitration in labor disputes
between municipal corporations and their policemen and fire-
men employees does not divest home-rule cities of powers
granted to them by the Constitution since the Legislature may
enact laws providing for the resolution of disputes concerning
public employees (Const 1963, art 4, § 48).*

3. Constitutional Law—Delegation of Power—Arbitration and
Award.

*The test to determine whether an arbitration statute unconstitu-
tionally delegates legislative and administrative power to pri-*

References for Points in Headnotes

[1] 5 Am Jur 2d, Arbitration and Award §§ 9, 67, 68.
48 Am Jur 2d, Labor and Labor Relations § 1401.
Power of municipal corporation to submit to arbitration, 40 ALR
1370.
[2, 3, 5–7] 5 Am Jur 2d, Arbitration and Award §§ 8, 9.
48 Am Jur 2d, Labor and Labor Relations § 1196.
Constitutionality of arbitration statutes, 55 ALR2d 432.
[4] 48 Am Jur 2d, Labor and Labor Relations § 1401.
[6] 51 Am Jur, Taxation §§ 389, 390.
[8] 5 Am Jur 2d, Arbitration and Award § 51.
Waiver of arbitration provision in contract, 94 ALR 509; 117 ALR
306, s. 161 ALR 1429.

vate persons is to look to the public or private nature of the panel's character, relations, and functions.

4. MUNICIPAL CORPORATIONS—CONSTITUTIONAL LAW—DELEGATION OF POWER—ARBITRATION AND AWARD.

The delegation of authority to a panel to arbitrate labor disputes between municipalities and their policemen and firemen renders the panel a public body.

5. MUNICIPAL CORPORATIONS—ARBITRATION AND AWARD—CONSTITUTIONAL LAW.

The statute providing for compulsory arbitration of labor disputes between municipalities and their policemen and firemen contains sufficient standards to properly direct and limit the authority of the arbitrators and to provide the basis for judicial review (MCLA 423.239).

6. MUNICIPAL CORPORATIONS—CONSTITUTIONAL LAW—ARBITRATION AND AWARD.

The statute compelling arbitration in labor disputes between municipalities and their policemen and firemen does not surrender the power to impose taxes to an arbitration panel in that an award increasing the expenses of a city to maintain its police and fire departments would necessarily force the city to increase its taxes, since the city is free to reallocate present resources to meet an arbitration award.

7. LABOR RELATIONS—ARBITRATION AND AWARD—JURISDICTION.

The statute compelling arbitration in labor disputes between municipalities and their policemen and firemen speaks in mandatory terms requiring a three-member panel, and a two-man panel has no jurisdiction to conduct proceedings pursuant to the statute despite the fact that defendant's noncompliance with the statutory provisions created the situation (MCLA 423.234).

8. LABOR RELATIONS—ARBITRATION AND AWARD—MUNICIPAL CORPORATIONS.

The failure of a city to appoint a member to an arbitration panel in a labor dispute between the city and its policemen and firemen as required by statute did not act as an estoppel to prevent the city from subsequently attacking the arbitration award on procedural grounds, since no misrepresentation necessary to give rise to the application of equitable estoppel was present, and since a municipality may not be estopped by the illegal acts of its employees.

Appeal from Wayne, Theodore R. Bohn, J. Submitted Division 1 February 8, 1972, at Detroit. (Docket No. 11306.) Decided July 24, 1972. Leave to appeal granted, 388 Mich 785.

Appeal from Wayne, Charles Kaufman, J. Submitted Division 1 February 8, 1972, at Detroit. (Docket No. 11920.) Decided July 24, 1972. Leave to appeal granted, 388 Mich 785.

Complaints by Dearborn Fire Fighters Union Local No. 412, IAFF, and Police Officers Association of Dearborn against the City of Dearborn for mandamus to compel the city to implement arbitration awards. Judgment for plaintiffs. Defendant appeals. Affirmed.

*Rothe, Marston, Mazey, Sachs, O'Connell, Nunn & Freid, P. C.* (by *Theodore Sachs* and *Ronald R. Helveston*), for plaintiff Dearborn Fire Fighters Union.

*Winston L. Livingston* and *J. Douglas Korney*, for plaintiff Police Officers Association of Dearborn.

*Joseph Burtell* and *Eugene A. Forbes*, for defendant.

Before: Bronson, P. J., and V. J. Brennan and O'Hara,* JJ.

O'Hara, J. *(concurring except as to remand).* Judge Bronson and I agree with Judge Brennan in all respects except as to the necessity for further arbitrational proceedings.

The failure of the city to designate a member of the arbitration panel does not affect the panel's jurisdiction. Jurisdiction stems from the legislative

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

grant over the subject matter. Whatever the effect
of the presence or absence of the kind panel
member might have been, it was the city's doing
that there were only two. Neither the city nor the
union, were the situation reversed, can vitiate the
arbitration procedure simply by inaction.

It would be quixotic, to say the least, were we to
accept the city's contention that because it refused
to designate a panel member it can now compel
the union to go through arbitration proceedings all
over again.

Affirmed.

BRONSON, J., concurred.

V. J. BRENNAN, J. *(concurring in part and dis-
senting in part).* The issues raised in these two
cases are identical; the facts in each case are
almost identical[1] and they may be summarized as
follows:

Negotiations between the defendant city and the
plaintiffs employee organizations failed and each
dispute was submitted to mediation. After the
failure of mediation to resolve the disputes, the
employee organizations submitted each dispute to
arbitration pursuant to MCLA 423.231 *et seq.;*
MSA 17.455(31) *et seq.* The city, acting on its belief
that the aforementioned compulsory arbitration
statute was unconstitutional, did not appoint a
representative to the arbitration panel as required
by MCLA 423.234; MSA 17.455(34). At this time
the employee organizations requested the Michi-
gan Employment Relations Commission to appoint
a chairman of the arbitration panel. Such appoint-
ment was made in each case, and a two-man
arbitration panel (consisting of a representative of

---

[1] The only significant differences being the dates of certain occur-
rences.

the employees and the chairman appointed by MERC) proceeded to conduct hearings and subsequently rendered its decision. The city refused to comply with the decisions of these two-man panels of arbitrators, and the employee organizations subsequently filed suit to compel implementation of the panels' award. By final judgments in the Wayne County Circuit Court, the city was ordered in each case to implement the award of the arbitrators. The city appeals each decision and the appeals are joined here.

In both cases, the defendant city attacks the constitutionality of the compulsory arbitration statute, *supra,* on three grounds. The first argument advanced by the defendant is that the statute divests the home-rule cities of powers granted to them pursuant to article 7, § 22 and § 34 of the Michigan Constitution of 1963. The defendant's argument is without merit. The Constitution specifically provides that "The legislature may enact laws providing for the resolution of disputes concerning public employees, except those in the state classified civil service". Const 1963, art 4, § 43. The compulsory arbitration statute here under consideration falls within this grant of authority to the state Legislature. The powers of home rule cities are "subject to the constitution and law". Const 1963, art 7, § 22.

The second argument advanced by the city is that the compulsory arbitration statute is an unconstitutional delegation of legislative and administrative power to private persons. To determine whether a group is public or private for such purposes, we must look to "its character, its relations, and its functions". *Penn School District No 7 v Lewis Cass Intermediate School District Board of Education,* 14 Mich App 109, 121 (1968). The dele-

gation to a body of a portion of the sovereign power of the state, here specifically the authority to arbitrate disputes between cities and policemen and firemen, of itself renders it a public body. *City of Warwick v Warwick Regular Firemen's Association,* 106 RI 109; 256 A2d 206 (1969).

Defendant also argues, in this context, that the standards set forth in the statute (MCLA 423.239; MSA 17.455[39]) are insufficient to adequately circumscribe the arbitrator's exercise of authority. In *City of Warwick, supra,* the Supreme Court of Rhode Island rejected such an argument regarding a similar statute which contained almost identical standards. The Court there found that such standards not only properly directed and limited the authority of the arbitrators, but also formed an adequate basis for judicial review. On this basis, we reject defendant's argument.

The final constitutional argument advanced by the city is that the compulsory arbitration statute surrenders the power to impose taxes in violation of Const 1963, art 9, § 2. Defendant's argument is that since the panel of arbitrators has the authority to increase the expenses necessary for the city to maintain its police and fire departments, it necessarily would command the city to increase its taxes in order to meet the additional burden. The logical extension of defendant's argument, as noted by Judge Kaufman below, would compel the conclusion that any increase in the price of any commodity which a city must purchase would also be violative of the constitution. While inflation may certainly be undesirable, we are not yet ready to hold it unconstitutional. Furthermore, the city is always free to reallocate resources to meet the increased demands placed upon it by an arbitration award without necessarily increasing taxes.

Having determined that the legislation in question is not constitutionally infirm, we turn to the second argument raised by defendant city: that the arbitration award was invalid for failure to comply with the procedural provisions of the statute. This argument is advanced by the defendant city in the case of Dearborn Fire Fighters only. The decision not to raise this issue in the Dearborn Police Officers case was made for "tactical reasons". The first procedural challenge made by the defendant is that a two-man panel has no jurisdiction whatsoever to conduct proceedings pursuant to the statute. Despite the fact that defendant's own noncompliance with the express statutory provisions created this situation, its argument is correct. The statute speaks in mandatory terms, and in these terms sets forth a step-by-step procedure which must be followed in order for the panel to render an award. MCLA 423.234; MSA 17.455(34) provides that:

"Within 10 days thereafter, the employer *shall* choose a delegate" (emphasis added),

and that 5 days thereafter

"the delegates shall designate an impartial, competent and reputable person to act as an arbitrator, hereafter called the arbitrator or chairman of the panel of arbitration, and with them to constitute an arbitration panel to further consider and order a settlement of all matters." MCLA 423.235; MSA 17.455(35).

It is obvious that until these steps have been followed an arbitration panel has yet to be constituted and therefore a portion of such a panel does not have the authority of the Legislature to act.

The final argument raised by defendant city is that the courts below erred in holding that the

city was estopped from raising these procedural questions by its failure to comply with the statute. This argument is meritorious for two reasons: first, the application of the doctrine of estoppel is not appropriate in this situation. "[T]here can be no estoppel unless one is misled to his prejudice by the acts of another against whom the estoppel is set up." 11 Michigan Law & Practice, Estoppel, § 8, p 71. (See also 28 Am Jur 2d, Estoppel and Waiver, § 35, p 640; 31 CJS, Estoppel, § 59, p 367.) What we find here is the failure of defendant city to perform a statutorily mandated duty, but not the misrepresentation necessary to give rise to the application of equitable estoppel. Second, a municipality may not be estopped by the illegal acts of its officers or employees (11 Michigan Law & Practice, Estoppel, § 13, p 79; 28 Am Jur 2d, Estoppel and Waiver, § 130, p 797; 31 CJS, Estoppel, § 142, pp 710–712). The appointment of a representative to the panel of arbitration being a duty placed upon the city by a valid law of the state of Michigan, here the city may not be estopped from asserting a jurisdictional defect under such circumstances.

A lack of jurisdiction being always fatal, the decisions below, in both *Dearborn Fire Fighters* (the case which raised the issue) and *Dearborn Police*, should be reversed on this basis.