LOCAL 1325, MICHIGAN COUNCIL 55, AMERICAN FEDERATION
OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO v
McKERVEY

1. LABOR RELATIONS—COMPULSORY ARBITRATION—MUNICIPAL POLICE
   AND FIREMEN—CONTRACT NEGOTIATIONS—CONTRACT GRIEV-
   ANCES—EXCLUSIVE REMEDY—MANDATORY REMEDY—PRIORITY.

   The provisions for compulsory arbitration under the municipal
   police and fire departments compulsory arbitration act apply to
   contract negotiation disputes as well as to contract grievance
   disputes but they are neither an exclusive nor mandatory
   remedy in all circumstances; the parties to a contract may
   establish their own non-statutory arbitration procedure which
   will be given priority over the statutory procedure (MCLA
   423.233).

2. STATUTES—RELATED ACTS—SAME SUBJECT—SAME PURPOSE—IN
   PARI MATERIA—LEGISLATIVE INTENT.

   Acts relating to the same subject, or having the same general
   purpose, should be considered *in pari materia* with a statute
   which is being construed in order to determine the legislative
   intent.

3. LABOR RELATIONS—PUBLIC EMPLOYMENT RELATIONS ACT—MEDIA-
   TION PROCEDURES—INDIVIDUAL GRIEVANCES—GROUP GRIEV-
   ANCES—CONTRACT PROVISIONS—CONTRACT NEGOTIATIONS—STAT-
   UTES.

   Procedures for mediation of disputes under the public employ-
   ment relations act apply to individual and group grievances
   arising out of a dispute over contract provisions as well as to
   disputes arising out of contract negotiations (MCLA 423.207).

4. LABOR RELATIONS—MUNICIPAL POLICE AND FIREMEN—MEDIATION—
   STATUTES—ARBITRATION ACT—THREE ARBITRATORS—INVOKING
   PROCEDURE.

   The statutory arbitration procedure under the municipal police
   and fire departments compulsory arbitration act requiring a

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4] 48 Am Jur 2d, Labor and Labor Relations § 1196.
[2] 73 Am Jur 2d, Statutes § 321.

panel of three arbitrators does not require the full complement of three arbitrators once the arbitration procedure has been properly invoked (MCLA 423.233).

Appeal from Cheboygan, Joseph P. Swallow, J. Submitted May 13, 1975, at Lansing. (Docket No. 21444.) Decided July 22, 1975.

Complaint by Local 1325, Michigan Council 55, American Federation of State, County, and Municipal Employees, AFL-CIO, against Stanley Mc-Kervey, Cheboygan County Sheriff, seeking enforcement of an arbitrators award pursuant to a collective-bargaining agreement. Judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Gregory, Van Lopik & Higle* (by *J. Douglas Korney),* and *Goldberg, Previant & Uelmen* (by *John S. Williamson, Jr.)* for plaintiff.

*Hile & Livo,* for defendant.

Before: QUINN, P. J., and BRONSON and N. J. KAUFMAN, JJ.

N. J. KAUFMAN, J. Plaintiff appeals from the granting of a summary judgment against it by the Cheboygan County Circuit Court. The summary judgment vacated an arbitration award which had been rendered in plaintiff's favor, and plaintiff now appeals of right.

At the time the dispute which gave rise to this cause of action arose, plaintiff was the exclusive bargaining agent for all the full-time employees of the Cheboygan County Sheriff's Department. As such, plaintiff entered into a collective-bargaining agreement with the county board of commissioners. The agreement was for a term of two years, from January 1, 1972 through December 31, 1973.

Defendant McKervey was re-elected to the office of sheriff in the 1972 general election. Upon taking office on January 1, 1973, he failed to reappoint John Grabowski, who had run against him, and Carl Sigro. On complaints from Grabowski and Sigro, Local 1325 filed a grievance against McKervey. Pursuant to the procedure established in the collective-bargaining agreement, this grievance was submitted to arbitration by a single arbitrator. On April 27, 1973, the arbitrator ruled that the two grievants were to be restored to their positions and that the county was to compensate both for any loss incurred as a result of their dismissal by the sheriff. When Sheriff McKervey refused to comply with the arbitration award, plaintiff filed the instant action to enforce the award.

With his answer, defendant filed a motion for summary judgment pursuant to GCR 117.2(1), claiming that plaintiff had not stated a claim upon which relief could be granted. In moving for summary judgment, defendant claimed that the arbitrator was without lawful authority to render the award because the arbitration was not rendered in compliance with the provisions of 1969 PA 312; MCLA 423.231 *et seq.;* MSA 17.455(31) *et seq.* (Act 312), the police and firemen's compulsory arbitration act. Arbitrations under the terms of that act require a panel of three arbitrators. In granting defendant's motion for summary judgment, the court held the Act 312 arbitration procedure applicable to both negotiations for a new contract and to grievance claims under existing contracts. The trial court also held that the effect of Act 312 was to provide the exclusive mechanism for arbitrations involving police and firemen and that the act preempted any contractual provision for arbitration.

Section 3 of the police and firemen's compulsory arbitration act represents the focal point of the instant dispute. That section provides:

"Whenever *in the course of mediation* of a public police or fire department employee's dispute, the dispute has not been resolved to the agreement of both parties within 30 days of the submission of the dispute to mediation and fact-finding, or within such further additional periods to which the parties may agree, the employees or employer *may* initiate binding arbitration proceedings by prompt request therefor, in writing, to the other, with copy to the labor mediation board." MCLA 423.233; MSA 17.455(33). (Emphasis added.)

On appeal, plaintiff argues that Act 312 makes compulsory arbitration applicable only to pre-contract negotiations, not to disputes over rights arising under the collective bargaining contract. Plaintiff claims that the natural meaning of the term "in the course of mediation" applies only to the pre-contract bargaining stage.

We find that, while the trial court correctly applied Act 312 to contract negotiation disputes as well as to contract grievance disputes, its holding that Act 312 preempts any collective-bargaining contract provision for arbitration was erroneous. As such, we reverse and remand for trial. As plaintiff notes, Act 312 applies to disputes arising "in the course of mediation". The parameters of "mediation" must be determined with reference to the public employee relations act (PERA), 1947 PA 336, to which Act 312 is an extension. Because the two acts have the same subject matter and general purposes, they must be considered *in pari materia, Wayne County v State Department of Social Welfare,* 343 Mich 475; 72 NW2d 200 (1955), 2A Sands, Sutherland Statutory Construction, § 51.03, p 298.

Section 7 of PERA, MCLA 423.207; MSA 17.455(7) provides the procedure for "mediation" of disputes. Section 7 has long been held to apply to individual and group grievances arising out of a dispute over contract provisions, as well as to disputes arising out of contract negotiations. *Gaidamavice v Newaygo Board of County Road Commissioners,* 341 Mich 280; 67 NW2d 178 (1954). In addition, Act 312 states in its purpose clause:

"It is the public policy of this state that in public police and fire departments, where the right of employees to strike is by law prohibited, it is requisite to the high morale of such employees and the efficient operation of such departments to afford an alternate, expeditious, effective and binding procedure for the resolution of disputes, and to that end the provisions of this act, providing for compulsory arbitration, shall be liberally construed." MCLA 423.231; MSA 17.455(31).

See also *Rockwell v Crestwood School Dist Bd of Education,* 393 Mich 616; 227 NW2d 736 (1975). We find it clear that contract disputes can detrimentally affect the "morale of employees" and "operation of departments" as much as might disputes over new contracts. As such, the "expeditious, effective and binding procedure" of Act 312 should be available in both situations to prevent these problems.

A reading of the statute and relevant cases, however, requires our holding that the procedure set forth in Act 312 is not exclusive and does not preempt contractual provisions for arbitration. The purpose clause of the act itself, describes the arbitration mechanism as an "alternate * * * pro-

cedure", not as the exclusive procedure.[1] Further, Section 3, by its terms, is not mandatory. It provides that, if the parties to mediation cannot agree after 30 days, "the employees or employer *may* initiate binding arbitration proceedings". MCLA 423.233; MSA 17.455(33). (Emphasis supplied.) Surely, if the Legislature had intended Act 312 to be exclusive and mandatory, it would not have drafted it in such permissive form.[2] Equally as important, this Court has interpreted Act 312 not only to allow parties to contract for their own non-statutory arbitration procedure but also to give priority to the contractual procedure over the Act 312 procedure.

In *Local 1518, AFSCME, AFL-CIO, Michigan Council 55 v St. Clair County Board of Commissioners,* 43 Mich App 342; 204 NW2d 369 (1972), we held that parties, or an arbitration panel acting pursuant to Act 312, could include in the contract a provision for non-statutory arbitration of grievances arising under the contract. This provision is "within the spirit and intendment of [Act 312] to provide a mandatory means of settling disputes between the parties". *Id.* at p 346. In *Grosse Pointe Farms Police Officers Association v Chairman of the Michigan Employment Relations Commission (Howlett),* 53 Mich App 173; 218 NW2d 801 (1974), *lv den* 392 Mich 783 (1974),

[1] *See Flynn v City of Fraser,* 45 Mich App 346; 206 NW2d 448 (1973), where Act 312 was held to apply to contract grievances by individual employees but not to be compulsory or exclusive. The act was held to mandate arbitration "under certain circumstances", but not all circumstances. *Id.* at p 349.

[2] It appears that the three-arbitrator panel requirement of Section 3, MCLA 423.233; MSA 17.455(33), is not sacrosanct. A panel of this Court in *Dearborn Firefighters Union Local No 412, IAFF v City of Dearborn,* 42 Mich App 51; 201 NW2d 650 (1972) upheld a ruling of a panel composed of two arbitrators. The *Dearborn* opinion held that the panel's jurisdiction is statutory and does not require the full complement of three arbitrators once the arbitration procedure has been properly invoked.

plaintiff sought to bypass a contractual procedure for nonbinding fact-finding in favor of the Act 312 arbitration procedure. We held that plaintiff must exhaust its remedies under the contract prior to seeking the statutory procedure. In addition, we held that, if there had been an arbitration procedure in the parties' contract, "we would have no reservations as to ordering such arbitration". *Id.* at p 178. More significantly, the contractual provision would take precedence over the Act 312 procedure. *Id.* Finally, in the recent case of *Mt. Clemens Fire Fighters Union Local 838, IAFF v City of Mt. Clemens,* 58 Mich App 635; 228 NW2d 500 (1975), this Court affirmed an order of the Michigan Employment Relations Commission which compelled arbitration, pursuant to a contractual arbitration procedure, of a contractual dispute involving firefighters.

We do not address another issue raised by plaintiff, because it was not properly raised at the trial level, *Dearborn v Village of Allen Park,* 348 Mich 449; 83 NW2d 447 (1957).

Reversed and remanded. Costs to plaintiff.