LOCAL 1518, COUNCIL 55, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO v ST. CLAIR COUNTY SHERIFF

OPINION OF THE COURT

1. LABOR RELATIONS—PUBLIC EMPLOYMENT—VETERAN'S PREFERENCE —DEPUTY SHERIFFS—STATUTES.

A statute which provides for preference in public employment for veterans of the armed services does not entitle a deputy sheriff to continue to hold office after the term for which he is appointed (MCLA 35.401 et seq.; MSA 4.1221 et seq.).

2. LABOR RELATIONS—PUBLIC EMPLOYEES—SHERIFFS AND CONSTABLES —APPOINTMENT OF DEPUTIES—STATUTES.

The public employees relations act takes precedence, to the extent that it differs, over a pre-existing statute which provides that a sheriff appoints deputies at his pleasure and may revoke such appointment at any time; therefore, a collective bargaining agreement validly adopted under PERA diminishes *pro tanto* the pre-existing statutory authority of a sheriff over his employees (MCLA 51.70, 423.201 et seq.; MSA 5.863, 17.455[1] et seq.).

3. SHERIFFS AND CONSTABLES—LABOR RELATIONS—COLLECTIVE BARGAINING AGREEMENTS.

A county sheriff is bound by a collective bargaining agreement negotiated between the representative of the sheriff's employees and the county board of commissioners where the sheriff took no part in the negotiations, but where he was aware that a contract was being negotiated, he had some conversation about the contract with the board's negotiator, and he made no claim that the employees' representative was negotiating with the wrong party.

REFERENCES FOR POINTS IN HEADNOTES
[1] 77 Am Jur 2d, Veterans and Veterans' Laws § 122.
[2] 48 Am Jur 2d, Labor and Labor Relations § 1191.
[3] 48 Am Jur 2d, Labor and Labor Relations §§ 1194, 1195.
[4–6] 48 Am Jur 2d, Labor and Labor Relations §§ 1193, 1194, 1196.

4. LABOR RELATIONS—POLICE AND FIRE DEPARTMENTS—BINDING ARBITRATION—GRIEVANCE DISPUTES—STATUTES.

A statute which provides for compulsory binding arbitration of disputes involving public police or fire department employees is construed to apply to grievance disputes as well as to disputes arising in pre-contract negotiations (MCLA 423.231 *et seq.;* MSA 17.455[31] *et seq.).*

5. LABOR RELATIONS—POLICE AND FIRE DEPARTMENTS—BINDING ARBITRATION—COLLECTIVE BARGAINING AGREEMENTS—STATUTES.

Compulsory binding arbitration in a dispute involving employees of a public police or fire department is available pursuant to statute at the instance of either party to the dispute, regardless of whether such compulsory arbitration is provided for in a collective bargaining agreement negotiated by the parties; therefore, a deputy sheriff who alleges that he was wrongfully terminated from employment may submit his grievance to compulsory arbitration despite the failure of a collective bargaining agreement to provide for such arbitration (MCLA 423.231 *et seq.;* MSA 17.455[31] *et seq.).*

CONCURRENCE IN RESULT BY BASHARA, J.

6. SHERIFFS AND CONSTABLES—LABOR RELATIONS—BINDING ARBITRATION—COLLECTIVE BARGAINING AGREEMENTS—PARTICIPATION IN NEGOTIATIONS.

*A county sheriff should not be estopped from denying the binding effect of a collective bargaining agreement between his employees and the county board of commissioners where the sheriff did not participate in the negotiations leading to the agreement, especially where the statutory provisions to compel his participation have not been utilized by the employees' representative; however, where litigation has been protracted and nothing could be achieved by denying the binding effect of the agreement on the facts of the case, the sheriff should be held bound by the agreement.*

Appeal from St. Clair, William R. Beasley, J. Submitted March 1, 1977, at Detroit. (Docket No. 26482.) Decided August 8, 1977. Leave to appeal applied for.

Complaint by Local 1518, Council 55, American Federation of State, County and Municipal Employees, AFL-CIO, and by James P. Bruin against

Norman Meharg, St. Clair County Sheriff, and the Board of Commissioners of St. Clair County for damages for the alleged unlawful termination of plaintiff Bruin's employment as a deputy sheriff, and for the enforcement of a collective bargaining agreement. The Michigan Sheriffs' Association intervened as a defendant. Judgment for defendants. Plaintiffs appeal. Reversed and remanded.

*Zwerdling, Maurer & Papp* (by *George M. Maurer, Jr.,* and *Kenneth W. Walls),* for plaintiffs.

*Farhat, Burns & Story* (by *E. Michael Stafford),* for Michigan Sheriffs' Association.

Before: D. E. HOLBROOK, P. J., and BASHARA and W. F. HOOD,* JJ.

W. F. HOOD, J. Plaintiffs brought this suit for injunctive relief and damages arising out of the alleged unlawful termination of plaintiff Bruin's employment as a deputy sheriff of St. Clair County. From a judgment in favor of defendants, plaintiffs appeal of right.

Plaintiff Bruin served from January 1, 1957 to December 31, 1972, as a deputy sheriff for the County of St. Clair. Defendant Meharg served as a deputy sheriff from April 13, 1965 until December 31, 1968, after which time he became the sheriff of St. Clair County, a position he has held ever since that time.

In the fall of 1972, Sheriff Meharg was opposed for reelection by plaintiff Bruin, but was reelected to a second term of office scheduled to commence January 1, 1973. At about 6:30 a.m. on December 31, 1972, defendant Meharg notified plaintiff Bruin that he would not be reappointed to serve during

* Circuit judge, sitting on the Court of Appeals by assignment.

the sheriff's second term of office. Defendants allege that the decision not to reappoint plaintiff Bruin was predicated upon Bruin's unsatisfactory performance as a deputy sheriff. Shortly thereafter the complaint which initiated the instant litigation was filed.

Plaintiff Bruin maintains that his termination was improper because as a veteran of the armed services he could not be terminated except for good cause shown and after appropriate hearings pursuant to the so-called veterans' preference act. MCLA 35.401 *et seq.;* MSA 4.1221 *et seq.* On this point the Michigan Supreme Court has held squarely contrary to plaintiffs' position. In the case of *Abt v Wilcox,* 264 Mich 183; 249 NW 483 (1933), the court held that the veterans' preference act did not entitle a deputy sheriff to continue to hold office after the term for which he was appointed. Therefore, if the plaintiffs are entitled to relief it will have to be on some other ground.

Plaintiffs further contend that plaintiff Bruin is entitled to the benefits of the collective bargaining agreement entered into between the plaintiff union and defendant board of commissioners; and that such agreement prohibited involuntary termination of employment without subjecting such termination to the grievance procedures set forth in the contract. The defendant sheriff denies that he is bound by the provisions of such contract.

The defendant sheriff relies in part upon MCLA 51.70; MSA 5.863 which provides that the sheriff appoints deputies at his pleasure and that the sheriff may revoke such appointments at any time. The effect of the public employees relations act (PERA), MCLA 423.201 *et seq.;* MSA 17.455(1) *et seq.,* upon pre-existing statutes dealing with the authority of public employers has been the subject

of decision by the Michigan Supreme Court. The case of *Wayne County Civil Service Commission v Board of Supervisors,* 384 Mich 363; 184 NW2d 201 (1971), dealt with the precedence of the 1965 PERA over a 1941 civil service act, which had placed in a county civil service commission authority over county employees. The Court said at 374:

"We stress it anew and hold that the act of 1965 operates, *'to the extent of the repugnancy,'* as a partial repeal of the act of 1941; but no more than that. In short shrift this means that the purposed thrust of the act of 1965, that of prohibiting strikes by public employees and providing collective bargaining, negotiation and enforced mediation of labor disputes arising out of public employment coming within the scope of the act, must be implemented and administered exclusively as provided therein. Hence, the original authority and duty of the plaintiff civil service commission was diminished *pro tanto,* by the act of 1965, to the extent of free administration of the latter according to its tenor."

The expressed reason why PERA should take precedence over the county civil service act argues as strongly for PERA's precedence over the statute on which defendants rely. We hold that a collective bargaining agreement validly adopted under PERA diminishes *pro tanto* the pre-existing statutory authority of a sheriff over his employees.

The defendants contend that the sheriff is not bound by the collective bargaining agreement in this case because it was negotiated by the plaintiff union with the board of commissioners, not with the sheriff. The sheriff claims that he, and not the board of commissioners, is the employer of his deputies; and that he was not a signatory to the contract and is not bound by it.

While the board of commissioners may be the employer to the extent that it controls the eco-

nomic factors involved in the employment contract, there is no question but that the sheriff is the employer who has control over the day to day operation of the sheriff's department. In at least one state, in a similar situation it has been held that the board of commissioners and the sheriff are dual employers for collective bargaining purposes. See *County of Ulster v CSEA Unit of Ulster County Sheriff's Dept,* 37 App Div 2d 437; 326 NYS2d 706 (1971).

We note that PERA imposes an absolute duty upon a public employer to bargain collectively with the representatives of its employees. The testimony in this case shows the defendant sheriff was aware that a contract was being negotiated between the representatives of his employees and the board of commissioners. During the period of time in which the contract was being negotiated, the sheriff had some conversation about the contract with the attorney employed by the board of commissioners to be its negotiator. The sheriff made no claim at that time that the representatives of the employees were negotiating with the wrong party. Under the circumstances, failure of the sheriff to intervene and take part in the negotiations prevents him from claiming the negotiations were with the wrong party, and he is bound by the contract.

The plaintiffs claim that as a final step in the grievance procedure the matter should be submitted to binding arbitration. The defendants contend that the collective bargaining agreement in force at the time of this dispute did not provide for compulsory binding arbitration as a final step in the procedure, but rather authorized binding arbitration for a particular grievance only if both parties agreed to such arbitration.

Act 312 of the Public Acts of 1969 (MCLA 423.231 *et seq.;* MSA 17.455(31) *et seq.),* which provides for compulsory binding arbitration of disputes involving public police or fire department employees, has been construed to apply to grievance disputes as well as to disputes arising in pre-contract negotiations. *Local 1325, Michigan Council 55, American Federation of State, County, and Municipal Employees, AFL-CIO v McKervey,* 62 Mich App 689; 233 NW2d 836 (1975).

While the *McKervey* case held that the parties to a contract could substitute their own compulsory arbitration procedure for the procedure provided in the statute, this does not mean that the failure of a contract to provide for compulsory arbitration removes the right to compulsory arbitration. The statute itself specifically states that its purpose is to provide, where the right of employees to strike is by law prohibited, an alternate, expeditious, effective and binding procedure for the resolution of disputes. Under this statute, compulsory arbitration can be initiated by either party to the dispute. The statutory procedure is thus available at the instance of either party without the necessity of providing for it in the contract.

We, therefore, hold that the plaintiffs are entitled to submit this grievance dispute to compulsory arbitration, under Act 312.

Reversed and remanded. No costs, a public question being involved.

D. E. Holbrook, P. J., concurred.

Bashara, J. *(concurring).* I concur in the result reached by the majority, but would limit the holding strictly to the facts of this particular case.

It is beyond question, as the majority recognizes, that the sheriff is the employer of his deputies. Further, the sheriff has the constitutionally based responsibility of administering the entire operation of his law enforcement departments, save for the budgetary matters mandated by the county board of commissioners. To facilitate the discharge of that responsibility, the sheriff's input into the collective bargaining process with his deputies is essential.

I am reluctant to establish as precedent that a sheriff can be estopped to deny the binding effect of a collective bargaining agreement derived from negotiations in which he did not participate. Such a result is attained by the majority on the basis that the sheriff did not take affirmative steps to enter into negotiations with the deputies' bargaining representative. Yet, the employees' representative has a statutory remedy to compel the sheriff-employer to enter into the collective bargaining process. MCLA 423.215; MSA 17.455(15).

The objective of PERA is stability and harmony in public employer-employee relations and the avoidance of interruption of vital public services. I believe that the attainment of that objective will be impeded if we bind an employer to a contract to which he in fact did not agree; especially where the statutory provisions to compel his participation in the negotiation process have not been utilized by the employees.

However, the practicalities of this case mandate the majority's conclusion. This dispute has continued for four years awaiting resolution. Nothing could be achieved by denying the binding effect of the collective bargaining agreement on the facts of this case except to create the disharmony in the employment relations of the sheriff's department that the PERA sought to obviate.

I concur in the result.