SAUNDERS v CITY OF DEARBORN

Docket No. 45712. Submitted April 20, 1981, at Detroit.—Decided July 7, 1981.

Mark L. Saunders was hired by the City of Dearborn as a police officer on August 3, 1976. At that time, a collective bargaining agreement having a termination date of June 30, 1978, was in effect. Incorporated into the agreement were the rules of the Dearborn Civil Service Commission. One of the rules provided that newly hired police officers serve a probationary period not to exceed 24 months and that one discharged during the probationary period had no right of appeal. The contract provided appeals for permanent employees discharged for cause. On July 6, 1978, Saunders was notified that his employment was terminated effective July 11, 1978. He was afforded a veteran's preference hearing to which he was entitled by statute, and his dismissal was sustained. In February, 1979, Saunders learned that a new labor contract had been entered into which by its terms became effective July 1, 1978, and provided for a probationary period not to exceed 18 months. Saunders requested a hearing from the city on his dismissal under the latter contract, but his request was ignored. Saunders brought an action in the Wayne Circuit Court for a declaratory judgment determining his rights under the contract. The court, Myron H. Wahls, J., granted a declaratory judgment and held that plaintiff was a permanent employee at the time of his discharge, ordered reinstatement and ordered the city to afford plaintiff those rights to which he was entitled under the July 1, 1978, contract. Defendant appeals. *Held:*

1. The circuit court properly exercised subject matter jurisdiction in the matter. The Legislature did not intend that the provision of the public employment relations act concerning

REFERENCES FOR POINTS IN HEADNOTES

[1] 48 Am Jur 2d, Labor and Labor Relations § 1196.
Validity and construction of statutes or ordinances providing for arbitration of labor disputes involving public employees. 68 ALR3d 885.

[2] [no references]

[3] 5 Am Jur 2d, Appeal and Error §§ 703, 705, 822, 882.

compulsory arbitration procedures for police and fire department employees would apply to individual grievances of police and fire department employees.

2. Declaratory judgment was the proper remedy.

3. The court's factual findings were not clearly erroneous.

Affirmed.

1. LABOR RELATIONS — POLICE AND FIRE DEPARTMENTS — ARBITRA-
TION — GRIEVANCE DISPUTES — STATUTES.

The Legislature did not intend that the provision of the public employment relations act concerning compulsory arbitration procedures for police and fire departments would apply to individual grievances of police and fire department employees; the sophisticated provisions of the act are directed toward the resolution of major collective bargaining impasses and the prevention of strikes by police and fire department employees, and they are inapposite to the resolution of individual employee grievances (MCL 423.233; MSA 17.455[33]).

2. LABOR RELATIONS — GRIEVANCE DISPUTES — POLICE AND FIRE
DEPARTMENTS — JURISDICTION.

The circuit court has subject matter jurisdiction in a dispute between a municipal corporation-employer and a police officer-employee over interpretation of a provision of a collectively bargained contract.

3. APPEAL — DECLARATORY JUDGMENTS — DE NOVO REVIEW.

Review of declaratory judgments is conducted *de novo;* however, the Court of Appeals will not reverse a trial court's factual findings unless they are clearly erroneous.

*Ellsworth K. Hanlon,* for plaintiff.

*William C. Hultgren* and *Carl P. Garlow,* for defendant.

Before: N. J. KAUFMAN, P.J., and ALLEN and D. C. RILEY, JJ.

PER CURIAM. Defendant, City of Dearborn, appeals from an order of April 16, 1980, denying its motion for new trial and affirming an earlier order of declaratory judgment entered on June 4, 1979, in the Wayne County Circuit Court which held

that plaintiff, Mark L. Saunders, was a permanent, not a probationary, employee at the time of the termination of his employment with defendant's police department. Defendant was also ordered to reinstate plaintiff as a permanent employee.

Plaintiff was hired by defendant as a police officer on August 3, 1976. At that time, a certain collective bargaining agreement, having a termination date of June 30, 1978, was in effect. Appended to this agreement was a civil service rule promulgated by defendant's civil service commission providing that a newly hired police officer must serve a probationary period which could not exceed 24 months. The civil service rules were incorporated into the agreement. The civil service rule provided that one terminated during his period of probation would have no right of appeal. The contract itself provided that an employee who was discharged for cause (apparently only applicable to permanent employees) had the right to choose one of three appellate remedies: (1) an appeal to the civil service commission; (2) use of the contractual grievance procedure; or (3) use of any remedy available by statute to veterans.

By letter dated July 6, 1978, plaintiff was notified by John T. Connolly, defendant's chief of police, that effective July 11, 1978, plaintiff would be terminated as a probationary employee. At that time, plaintiff had served over 23 months of his probationary period.

At the time plaintiff received notice of his termination as a probationary employee, he was not entitled to an appeal under the contract. However, as a veteran, plaintiff was afforded a veteran's preference hearing by operation of law. See the veteran's preferred employment act, MCL 35.401 *et seq.;* MSA 4.1221 *et seq.*

On January 19, 1979, plaintiff was informed by Dearborn's mayor that, after reviewing the transcript of the veteran's preference hearing, he was sustaining plaintiff's termination. See MCL 35.402; MSA 4.1222.

In February of 1979, plaintiff learned of a new collective bargaining agreement which had been entered into between defendant and the Dearborn Police Officers Association. Appended to this contract was a civil service rule providing that an officer's probationary period could not exceed 18 months. This agreement stated that its provisions would become effective as of July 1, 1978. As defendant was notified that his termination would be effective July 11, 1978, it would appear that the new contract had taken effect by that date. Defendant, however, contends that because the new contract had not been approved by the City Council, it had, despite the July 1 date contained therein, not truly "taken effect".

By letter dated February 28, 1979, plaintiff's counsel requested a rehearing on plaintiff's discharge stating that, by virtue of the latter collective bargaining agreement, plaintiff was a permanent employee as of the date of his termination because he had served a probationary period in excess of 18 months. Defendant did not respond to plaintiff's request.

Plaintiff filed his complaint for declaratory judgment on April 12, 1979. At the hearing on the declaratory judgment, plaintiff argued that the latter contract was in effect at the time of plaintiff's discharge, that plaintiff was, therefore, not a probationary employee at that time and that plaintiff was entitled to be given the rights of a permanent employee under the latter agreement. Defendant argued that the particular provision of

the contract upon which plaintiff relied was not intended to apply to him. Defendant also argued that there was at least an ambiguity as to what was intended by the drafters of the agreement when they provided that the agreement would be effective as of July 1, 1978. Defendant sought to present testimony on that matter.

The court ruled that plaintiff was a permanent employee as of July 1, 1978. An order was entered on June 4, 1979, declaring plaintiff to have been a permanent employee at the time of his discharge, ordering defendant to reinstate plaintiff in that position and further ordering defendant to give plaintiff those rights to which he would be entitled under the latter agreement.

Defendant subsequently made a motion for new trial. At that time, defendant argued that plaintiff had failed to exhaust his administrative remedies and also sought to admit affidavits from certain persons involved in the negotiations of the latter agreement stating that the provisions concerning the probationary period were not intended to apply to someone in plaintiff's position. The court did not rule either in favor of or against the admissibility of those affidavits. The court indicated that the instant action was a proper subject for declaratory judgment but indicated that it wanted to consider further the argument that the latter contract was not intended to apply to plaintiff. With that comment, the hearing was concluded. On March 25, 1980, the court issued an opinion, the totality of which was as follows:

"The defendant, City of Dearborn, et al., has filed and argued a motion for a new trial. Legal memoranda were submitted also.

"The court has considered all the issues raised, and it

is the opinion of the court that the motion for new trial should be and is hereby denied.

"An order may be presented."

An order was entered on April 16, 1980, denying defendant's motion for new trial and affirming the court's previous order.

On appeal, defendant first argues that plaintiff failed to exhaust his administrative remedies by neglecting to submit his dispute concerning the interpretation of the collective bargaining agreement to the Michigan Employment Relations Commission, and, therefore, the declaratory judgment action was improper.

Defendant states that a declaratory judgment action cannot be maintained to resolve disputes within the exclusive jurisdiction of an administrative agency and that the Michigan public employment relations act (PERA), MCL 423.201 *et seq.;* MSA 17.455(1) *et seq.,* is the dominant law regarding public employee labor relations. Defendant further argues that the instant case is also governed by the police and fireman's compulsory arbitration act, MCL 423.231 *et seq.;* MSA 17.455(31) *et seq.* (hereinafter referred to as the arbitration act). Because it alleges that exclusive jurisdiction rested in the appropriate administrative agency, defendant argues that the trial court improperly exercised jurisdiction. In support of its position defendant cites *Local 1325, Council No 55, AFSCME v McKervey,* 62 Mich App 689; 233 NW2d 836 (1975). In *McKervey,* this Court interpreted the arbitration act to be *in pari materia* with PERA. This Court noted that § 7 of PERA allowed mediation of individual grievances and, thus, concluded that individual contractual disputes could properly be brought under the arbitration act.

Subsequent to the Court of Appeals decision in *McKervey,* but prior to the period of time in which the incidents giving rise to the instant action occurred, the section of the arbitration act pertaining to arbitration of contractual disputes was amended to provide as follows:

"Whenever in the course of mediation of a public police or fire department employee's dispute, *except a dispute concerning the interpretation or application of an existing agreement (a 'grievance' dispute),* the dispute has not been resolved to the agreement of both parties within 30 days of the submission of the dispute to mediation, or within such further additional periods to which the parties may agree, the employees or employer may initiate binding arbitration proceedings by prompt request therefor, in writing, to the other, with copy to the employment relations commission." MCL 423.233; MSA 17.455(33). (Emphasis added.)

The Supreme Court recently determined that the act, as amended, repudiates the language of *McKervey,* and also stated that:

"We are of the opinion that the Legislature did not intend that MCL 423.233; MSA 17.455(33) would apply to individual grievance disputes. The sophisticated provisions of the police and fire department compulsory arbitration act, MCL 423.231 *et seq.;* MSA 17.455(31) *et seq.,* of which MCL 423.233; MSA 17.455(33) is a part, are directed toward the resolution of major collective bargaining impasses and the prevention of police and fire department employee strikes. They are inapposite to the resolution of individual employee grievance disputes, which may involve matters as trivial as the length of an employee's hair or the shine on his or her shoes." *Local 1518, Council No 55, AFSCME v St Clair County Sheriff,* 407 Mich 1, 12-13; 281 NW2d 313 (1979). (Footnote omitted.)

Defendant is, thus, incorrect in claiming that the

jurisdiction of the lower court did not extend to the instant action because of the arbitration act.

Each of the other cases cited by defendant implying that plaintiff should have submitted his dispute to the Michigan Employment Relations Commission concerns allegations of unfair labor practices against the employer. There are no allegations in the instant case that defendant engaged in any unfair labor practices in violation of § 10 of PERA, MCL 423.210; MSA 17.455(10). Rather, the instant case is solely one of contract interpretation. The commission has held that when the action involves a good-faith dispute as to contract interpretation, it will not assert jurisdiction. *Cass City Public Schools,* 1980 MERC Lab Op 956, 960.

The only remaining avenues of relief available to plaintiff would be those available under the contract. As noted in the statement of the facts, plaintiff requested a rehearing on his discharge when he learned of the new collective bargaining agreement. That request was never responded to by defendant. Thus, defendant cannot now come before this Court and assert that plaintiff failed to exhaust his contractual remedies on this particular issue. We therefore conclude that the trial court was correct in ruling that a declaratory judgment action was the proper remedy available to plaintiff.

Defendant next challenges the trial court's ruling that the latter collective bargaining agreement was effective as of the date of plaintiff's discharge from employment thus making plaintiff a permanent employee as of that date.

This Court's review of a lower court's decision in a declaratory judgment action is *de novo. Curbelo v Macomb County Community College Trustees,* 38

Mich App 432, 433; 196 NW2d 843 (1972), *Lenawee County Board of Comm'rs v Abraham,* 93 Mich App 774, 779; 287 NW2d 371 (1979). However, this Court will not reverse a trial court's factual findings unless they are clearly erroneous. *Welfare Employees Union v Civil Service Comm,* 28 Mich App 343, 349; 184 NW2d 247 (1970).

Neither plaintiff nor defendant cites any case law or other authority to support his or its respective position on this issue. As plaintiff points out, the contract specifically provided that its articles would be effective as of July 1, 1978. Defendant argues that the intent of the parties was that only those articles concerning economic provisions were to be effective as of that date. In support of that position, defendant sought to introduce affidavits of certain individuals who took part in the negotiations stating that it was not the intention of the parties to make the shorter probationary period applicable to a person in plaintiff's position. Plaintiff argues that the lower court properly excluded those affidavits from admission. If the court did make its determination that the latter contract was effective as of the date of plaintiff's termination, it would apparently have to be for the reason that the court ultimately determined that the contractual provision stating that the effective date of the contract would be July 1, 1978, was unambiguous and did not require interpretation. Neither party cites, nor does research disclose, any authority which indicates that such a determination is clearly erroneous. Thus, this Court concludes that the trial court was not in error in making its determination that the latter collective bargaining agreement was effective as of the date of plaintiff's termination from employment and that, for that reason, plaintiff was a permanent

employee and entitled to all rights afforded such employees under the contract.

This opinion is, in no way, meant to foreclose any avenues defendant may wish to pursue if it again seeks to terminate plaintiff from employment. Any procedures must, however, be in accordance with plaintiff's status as a permanent employee.

Affirmed. No costs, a public question involved.