LAMPHERE SCHOOL DISTRICT v LAMPHERE FEDERATION OF
TEACHERS

1. LABOR RELATIONS—COLLECTIVE BARGAINING—UNIONS—PUBLIC EM-
   PLOYERS—GOOD FAITH.

   A union must bargain collectively with a public employer; this
   requirement mandates a good faith effort by all parties (MCLA
   423.210[3][c], 423.215; MSA 17.455[10][3][c], 17.455[15]).

2. LABOR RELATIONS—COLLECTIVE BARGAINING—GOOD FAITH—UNFAIR
   LABOR PRACTICES.

   Failure to bargain in good faith constitutes an unfair labor
   practice (MCLA 423.216; MSA 17.455[16]).

3. LABOR RELATIONS—MICHIGAN EMPLOYMENT RELATIONS COMMISSION
   —JURISDICTION—UNFAIR LABOR PRACTICES.

   The Michigan Employment Relations Commission has exclusive
   jurisdiction over all unfair labor practice questions.

4. LABOR RELATIONS—COLLECTIVE BARGAINING—GOOD FAITH—STRIKE.

   The fact that a labor union is on strike does not necessarily
   indicate a failure to bargain in good faith.

Appeal from the Employment Relations Com-
mission. Submitted January 7, 1976, at Detroit.
(Docket No. 22939.) Decided February 26, 1976.

Complaint by the Lamphere School District
against the Lamphere Federation of Teachers be-
fore the Employment Relations Commission charg-
ing unfair labor practices. Complaint dismissed.
Plaintiff appeals. Remanded for further hearings.

REFERENCES FOR POINTS IN HEADNOTES
[1] 48 Am Jur 2d, Labor and Labor Relations § 1191 *et seq.*
[2, 4] 48 Am Jur 2d, Labor and Labor Relations §§ 546, 645, 808.
[3] 48 Am Jur 2d, Labor and Labor Relations §§ 1157, 1158, 1171.

*Clark, Hardy, Lewis & Fine, P. C.* (by *Dennis R. Pollard),* for plaintiff.

*Fieger, Golden & Cousens,* for defendant.

*Frank J. Kelley,* Attorney General, *Robert· A. Derengoski,* Solicitor General, and *Francis W. Edwards,* Assistant Attorney General, for the Employment Relations Commission.

Before: J. H. GILLIS, P. J., and QUINN and R. E. NOBLE,* JJ.

J. H. GILLIS, P. J. On September 6, 1973, the Lamphere School District (hereinafter referred to as School District) filed a charge with the Michigan Employment Relations Commission (hereinafter referred to as MERC). In the charge, the School District alleged that the Lamphere Federation of Teachers (hereinafter referred to as Teachers) had breached the mandates of the public employment relations act (hereinafter referred to as PERA) in the following ways:

"1. Since on or about July 1, 1973, the above-named labor organization has failed and refused to bargain in good faith by taking unalterable and unreasonable positions on subjects for bargaining.
"2. Since on or about August 30, 1973, the labor organization failed and refused to fulfill the required processes of impasse resolution, to wit, mediation and fact-finding.
"3. Since on or about September 4, 1973, the labor organization called and caused a strike to occur in violation of the Act.
"4. For these and other reasons not specifically set forth herein, the labor organization has violated Section 10 of the Act."

---

* Circuit judge, sitting on the Court of Appeals by assignment.

In essence then, the School District charged that the Teachers had "refused to bargain collectively" as required by § 10(3)(c) of PERA.

Prior to this hearing before the administrative law judge, the parties stipulated that the Teachers were engaged in a strike, and that a strike constituted an unfair labor practice, in that it showed a failure to bargain in good faith. Thus, the Teachers admitted that their conduct constituted an unfair labor practice; their defense was that the employer (School District) had also failed to bargain in good faith. Thus, the issue submitted to the administrative law judge was whether the Teachers' refusal to bargain in good faith could be legally justified because of the School District's earlier refusal to bargain in good faith.

The administrative law judge refused to accept the parties' stipulation that a strike necessarily evidences a refusal to bargain in good faith. Relying primarily on *NLRB v Insurance Agents' International Union,* 361 US 477; 80 S Ct 419; 4 L Ed 2d 454 (1960), he held that the fact that a union is on strike does not necessarily indicate that it is not bargaining in good faith. He also found that the Legislature had intended that MERC not deal with strike activity, and that this legislative preference could not be circumvented simply by calling a strike an "unfair labor practice". He held that MERC had no jurisdiction to decide the School District's allegations. The MERC appeal board affirmed, stating that the record revealed no evidence of the Teachers' bad faith bargaining. The School District appeals as of right. We remand for the taking of additional evidence.

Under PERA, a union is required to bargain collectively with a public employer. MCLA 423.210(3)(c); MSA 17.455(10)(3)(c). This require-

ment mandates a good faith effort by all parties. MCLA 423.215; MSA 17.455(15), *Detroit Police Officers Association v Detroit,* 391 Mich 44, 53; 214 NW2d 803, 808 (1974). A failure to bargain in good faith constitutes an unfair labor practice. MCLA 423.216; MSA 17.455(16). MERC has exclusive jurisdiction over all unfair labor practice questions. *Detroit Board of Education v Detroit Federation of Teachers,* 55 Mich App 499, 503; 223 NW2d 23, 25 (1974). If a strike constitutes an unfair labor practice, then MERC has jurisdiction over the matter.

In *Detroit Board of Education, supra,* we held that a strike need not constitute a failure to bargain in good faith:

"This broad definition of 'strike' is said to include failure to bargain in good faith, since good faith bargaining is one of the 'duties of employment'. Therefore, concludes DFT, a strike is an unfair labor practice, furnishing MERC with exclusive jurisdiction.

"This reasoning is faulty on both logical and policy grounds. First, to say that a failure to bargain in good faith might constitute a strike for purposes of the definition of the latter term in MCLA 423.201; MSA 17.455(1) *is not to say that every strike is an unfair labor practice. It is surely possible that a union could both bargain in good faith and still strike."* *Detroit Board of Education, supra,* at 504; 223 NW2d at 25–26. (Emphasis supplied.)

It is evident, therefore, that a strike need not indicate a failure to bargain in good faith. See also, *NLRB v Insurance Agents' International Union, supra.* MERC therefore properly refused to accept the parties' stipulation as binding.

In affirming the administrative law judge's findings, the MERC appeal board stated that there was no evidence on the record to support a finding that the Teachers bargained in bad faith. This

finding is clearly correct. We do not, however, feel that the School District had a sufficient opportunity to present such evidence. Prior to the hearing, the parties had stipulated that the Teachers had bargained in bad faith. The stipulation was properly set aside. The School District was not given another opportunity to prove the allegations made in its "charge". Because the School District had previously relied on the stipulation, we think it ought to have a full opportunity to prove its allegations.

In remanding this case back to MERC, we make no decision on the issue of whether a strike may be considered as evidence of bad faith. We think it more proper that MERC make this determination initially.

Remanded for further hearings. We do not retain jurisdiction. No costs.